**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| RONALD MARK CLARK,<br>    Plaintiff,<br>            v.<br>STATE OF GEORGIA, *et al.*,<br>    Defendants. | Civil Action No.<br>1:21-cv-03396-SDG |

### OPINION AND ORDER

This matter is before the Court on United States Magistrate Judge Justin S. Anand's Report and Recommendation ("R&R") [ECF 7] recommending dismissal of this action, Plaintiff Ronald Mark Clark's objections [ECF 16] to the R&R, and Clark's motions for appointment of counsel [ECF 6] and for a preliminary injunction [ECF 15]. After careful consideration of the record, Clark's objections [ECF 16] are **OVERRULED**; the fifth amended complaint [ECF 17] is **DISMISSED** and, to the extent it contains objections to the R&R, **OVERRULED**; the R&R [ECF 7] is **ADOPTED** as the order of this Court, and Clark's motions [ECF 6; ECF 15] are **DENIED AS MOOT**.

**I.   Background**

   **A.   Complaints I–IV**

Clark, an inmate at the Cobb County Adult Detention Center in Marietta, Georgia, filed a fairly incomprehensible, 137-page complaint, naming dozens of

defendants in a civil rights action pursuant to 42 U.S.C. § 1983.[1] United States Magistrate Judge Justin S. Anand ordered Clark to amend his complaint, and directed Clark to use the Court's prisoner complaint form and clearly state his claims.[2] Clark filed an amended complaint,[3] but Judge Anand found it "extremely disjointed and confusing," and determined that Clark mis-joined claims in violation of Fed. R. Civ. P. 20(a).[4] So, Judge Anand ordered Clark to amend his complaint again, instructing him to raise claims that are logically related or that arise out of the same transaction or occurrence.[5]

Clark's third amended complaint[6] and fourth amended complaint,[7] which is identical to his third amended complaint in all ways material to this Order, failed to comply with Judge Anand's order, which is grounds for dismissal of this action. Fed. R. Civ. P. 41(b).

---

[1]   ECF 1.
[2]   ECF 4, at 2–3.
[3]   ECF 5.
[4]   ECF 7, at 1.
[5]   *Id.* at 2.
[6]   ECF 10.
[7]   ECF 12.

In his R&R, Judge Anand reviewed the third amended complaint for frivolity pursuant to 28 U.S.C. § 1915A, and recommended that it be dismissed because: (1) Clark improperly mis-joined claims and defendants in violation of Fed. R. Civ. P. 20(a) and *Skillern v. Georgia Department of Corrections Commissioner*, 379 F. App'x 859, 860 (11th Cir. 2010); (2) Defendants are not subject to § 1983 liability because they either did not act under color of state law, they are immune, or they are not entities subject to suit; (3) many of Clark's claims challenge criminal convictions, and such claims may be brought only in a *habeas corpus* petition; (4) nearly all of Clark's claims are barred by the statutes of limitations; and (5) this Court is an improper venue for Clark's only claims that are not time barred.[8]

### B.   Complaint V and Objections to the R&R

After Judge Anand entered the R&R, Clark filed yet another amended complaint (his fifth),[9] a motion for a preliminary injunction,[10] as well as his objections to the R&R.[11] The amended complaint names five entirely new Defendants: three bail bond companies, the former Cobb County sheriff, and the

---

[8]   ECF 13, at 2–9.

[9]   ECF 17.

[10]  ECF 15.

[11]  ECF 16.

chief of the Cobb County Jail.[12] Clark asserts that, after his arrest in Cobb County in 2017, he was granted bond, and a bonding company took over $9,000.00 from his mother, which she paid from Clark's Social Security disability benefits.[13] However, before he could be released, he was allegedly sent to Central State Hospital, in Milledgeville, Georgia, for a competency evaluation, after which he returned to Cobb County on December 8, 2017, was not released on bond, and was never refunded.[14]

In his objections, Clark somewhat refines the allegations in this fifth amended complaint, and attempts to add a claim that a sheriff's deputy was unusually cruel.[15] He further argues that the statutes of limitations should not apply because he only recently discovered that his mother had used his Social Security benefits to pay for his bond.[16]

Because Clark's Objections and fifth amended complaint raise the same arguments, the Court treats the pleading as part of Clark's objections. The Court also addresses it as a separate pleading to the extent necessary.

---

[12] ECF 17, at 2.

[13] *Id.* at 5–6, 8.

[14] *Id.*

[15] ECF 16, at 2.

[16] *Id.* at 3.

**II. Discussion**

**A. Standard of Review**

A party challenging an R&R issued by a federal magistrate judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

The Court has broad discretion in reviewing an R&R. It may consider an argument that was never presented to the magistrate judge, and it may also decline to consider a party's argument that was not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)). Indeed, "a party that wishes to preserve its objection must clearly advise the district court and pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009). A "generalized re-

assertion" of a prior argument that fails to "challenge [the] reasoning" in an R&R is insufficient. *Id.*

### B.   Objections to the R&R

Clark's Objections, styled as an "Objection to 28 U.S.C. § 1915A Frivolity Review and Amended Civil Action," largely fail to address the R&R.[17] Rather, they regurgitate Clark's nearly identical fifth amended complaint insofar as they name the same new defendants; discuss Clark's alleged entitlement to bond and, somewhat contradictorily, lack of consent regarding payment to his bail bondsman; and assert that the statutes of limitations should not apply to his newly asserted claims.[18]

Clark's Objections fail for two principal reasons. First, they raise new arguments that were not presented to the Magistrate Judge, and they fail to challenge the R&R's reasoning. In fact, Clark's Objections are wholly unrelated to the issues described in Clark's first four complaints, which the R&R addresses. As such, the Court need not and will not consider the Objections. *Williams,* 557 F.3d at 1290–92. Second, even had Clark's Objections not been frivolous, his claims should have been asserted in multiple separate actions. *Skillern*, 379 F. App'x at

---

[17]   ECF 16, at 1.

[18]   *Id.* at 3.

860 (finding district court did not abuse its discretion in dismissing plaintiff's complaint because "[t]he actions of the defendants named by [plaintiff] appear to be separate incidents, . . . occurring on different dates. . . ."). Clark knows this fact well. Nevertheless, the Court reminds Clark what Judge Anand explained in his R&R:

> A plaintiff may not join multiple defendants in a single action . . . unless the claims against them arise out of the same transaction, occurrence, or series of transactions or occurrences and [unless] any question of law or fact common to all defendants will arise in the action. Put another way, *multiple claims against different defendants involving different sets of facts must be brought in separate complaints*.[19]

Furthermore, Clark's Objections raise frivolous arguments for the reasons discussed below in reference to his fifth amended complaint. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (a claim is frivolous when it "lacks an arguable basis either in law or in fact."). As a result, Clark's Objections are overruled.

### C. Complaint V

In his fifth amended complaint, Clark discusses the same new claims he outlines in his Objections. Like his Objections, this pleading fails to cure the problems identified by Judge Anand and states frivolous claims. As a result, it also

---

[19] ECF 13, at 3 (emphasis added) (citations omitted) (cleaned up).

provides no basis for the Court to reject the R&R's conclusions or let Clark's lawsuit proceed.

### 1. Each of Clark's New Claims Is Time-Barred and Frivolous.

Clark's new claims are time-barred and frivolous. The events Clark complains of occurred in 2017.[20] Section 1983 suits, however, are subject to Georgia's two-year statute of limitations. *Presnell v. Paulding Cnty., Ga.*, 454 F. App'x 763, 767 (11th Cir. 2011). While state law is used to determine the length of the limitations period, "[f]ederal law determines when the statute of limitations begins to run." *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). According to the Eleventh Circuit Court of Appeals, a claim accrues, and the limitations period begins to run, "from the date 'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'" *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (quoting *Rozar v. Mullis*, 85 F.3d 556, 561–62 (11th Cir. 1996)). A plaintiff has the facts which would support a cause of action when he knows or should know "(1) that [he has] suffered the injury that forms the basis of [his] complaint and

---

20   ECF 1.

(2) who has inflicted the injury." *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003).

Clark knew in 2017 that the sheriff's department officials had not released him on bond and that the bonding company had not returned his funds, so the Court concludes that Clark's claims accrued in 2017. *Id.* "It is appropriate for a district court to dismiss a complaint as time-barred where the prisoner fails to identify why the statute of limitations might be tolled in his case," *Reynolds v. Murray*, 170 F. App'x 49, 51 (11th Cir. 2006). In this case, Judge Anand alerted Clark to the limitations issue, but Clark failed to demonstrate why he is entitled to tolling of any sort.

Moreover, even if the Court were to credit Clark's argument that his claims did not accrue until some unstated time in 2020 when he supposedly discovered that his mother had paid for his bond using his Social Security disability benefits, that assertion would apply only to his purported causes of action against the bonding company (or companies) that allegedly withheld his funds, and those companies (and the individuals who operate them) are not subject to § 1983 liability because there is no plausible allegation that they acted under color of state law. Only state actors are subject to suit under Section 1983, *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982), and bail bondsmen are not state actors when they

receive funds to post bail for a detainee. *Landry v. A-Able Bonding, Inc.*, 75 F.3d 200, 204 (5th Cir. 1996) (noting that bail bondsmen are considered state actors only when they receive law enforcement assistance in effecting the arrest of a fugitive).

Meanwhile, Clark's causes of action against the Cobb County Sheriff's Department officials relate only to his claims that he was not released on bond and that they were cruel to him, and those claims have nothing to do with the failure to return the funds that his mother paid to the bonding company. Thus, even if Clark's new claims were not time-barred, they would have been appropriately alleged in separate lawsuits. *Skillern*, 379 F. App'x at 860. In any event, they are frivolous and warrant dismissal. *Bingham*, 654 F.3d at 1175.

### 2. Clark's New Claims Do Not Relate Back.

Even if Clark's new claims were not time-barred, they do not "relate back" to the initial complaint filed in this case. Federal Rule of Civil Procedure 15(c) allows a plaintiff to relate back a later filed complaint to his original pleading as an exception to a statute of limitations' time-bar when "a claim . . . arose out of the conduct, transaction, or occurrence set out in the original pleading" or "when the amendment changes the party . . . against whom a claim is asserted"—neither of which are the case here. Fed. R. Civ. P. (c)(1)(B)–(C). Clark's fifth amended

complaint, which he filed on November 29, 2021,[21] and his November 22, 2021 Objections (which are nearly identical),[22] identify entirely new defendants and claims that bear no relation whatsoever to those in Clark's original complaint, filed on August 19, 2021.[23]. So, Clark's fifth amended complaint would be dismissed on this ground, too.

### 3. Clark's Remaining Motions are Denied.

In his motion for a preliminary injunction,[24] Clark seeks an order requiring that Cobb County officials take him to see various medical practitioners for a variety of health maladies. The Court is sympathetic to Clark's articulated health concerns. However, he cannot seek preliminary injunctive relief on claims not mentioned in his complaint. *See Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (finding that inmate "had no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint"). Therefore, his motion for a preliminary injunction is denied. So too is Clark's motion for the appointment of counsel,[25] given the reasons for the dismissal of his claims herein.

---

[21] ECF 17.

[22] ECF 16.

[23] ECF 1.

[24] ECF 15.

[25] ECF 6.

### III. Conclusion

Having carefully reviewed the record, Clark's objections [ECF 16] are **OVERRULED,** and the fifth amended complaint [ECF 17] is **OVERRULED** to the extent it too raises objections to the R&R. Clark's fifth amended complaint [ECF 17] is **DISMISSED** as it fails to state a claim. The R&R [ECF 13] is **ADOPTED in its entirety**, and this action is **DISMISSED**. Clark's motion for a preliminary injunction [ECF 15] and motion for appointment of counsel [ECF 6] are **DENIED**. The Clerk is **DIRECTED** to close the case.

**SO ORDERED** this 28th day of March, 2022.

Steven D. Grimberg
United States District Court Judge